# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| KEITH JUDD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-0290-CV-W-BP-P ) |
| BARACK OBAMA, the MISSOURI SECRETARY OF STATE, and the MISSOURI DEMOCRATIC PARTY, | ) ) ) ) |
| Defendants. | ) |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff is incarcerated at the Federal Correctional Institution in Texarkana, Texas. He has filed this case pro se under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), in which he argues that President Barack Obama was not qualified to be on the Missouri ballot as a candidate for President and that plaintiff should replace him. A review of the national PACER docketing system reveals that plaintiff has filed several similar civil actions in at least ten (10) other federal courts against President Obama.

Plaintiff has submitted the instant civil action without submitting either the $350.00 filing fee or a motion for leave to proceed in forma pauperis without the prepayment of court fees or costs as allowed under 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act of 1996 (PLRA), however:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (1999). Section 1915(g) required consideration of prisoner cases dismissed prior to, as well as after, the PLRA's enactment. Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996).

While incarcerated, plaintiff has had 3 or more prior prisoners actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Plaintiff does not contend that he is under imminent danger of serious physical harm as required by 1915(g).

Accordingly, it is **ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is denied, and this case is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). If plaintiff wishes to reassert his claims, he first must pay the $350.00 filing fee.

/s/ Beth Phillips
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 26, 2013 .

---

[1] In Keith Russell Judd v. United States of America, No. 1:13-CV-144-WSD ((N.D.Ga. Jan. 25, 2013), the United States District Court for the Northern District of Georgia held that plaintiff has filed over 1,000 actions in federal court and that at least three of those have been dismissed as frivolous or for failure to state a claim (citing Judd v. United States District Court, et al., No. 7:98-CV-167-HLH (W.D. Tex. Dec. 9, 1998); Judd v. United States of America, et al., No. 1:00-CV-328-CB-C (S.D. Ala. Dec. 1, 2000); Judd v. United States District Court for the Western District of Texas, et al., No. 1:05-CV-780-PLF (D.C. Oct. 3, 2005)). See also Judd v. Federal Election Comm'n, 311 Fed. Appx. 730 (5th Cir. 2009) (rejecting application to proceed in forma pauperis because Judd had three strikes).